VICENTE R. RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1231. Submitted April 2, 1948.—Decided April 26, 1948.

*Andrés Mena Latorres* for appellant. *Miguel García González, District Attorney, Registrar in Commission,* appeared by brief.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

By a deed executed in Caguas, Puerto Rico, on September 29, 1947, the appellant Vicente R. Rodríguez and his wife sold to Teódulo Llamas Muñiz a lot measuring 22½ yards (*varas*) in front by 27 yards in depth, with an area of 486.92 square meters, according to a survey said to have been made by Lizardi, an engineer.

Upon said deed, together with a plat of the lot, being presented to the registrar, he recorded the same and at the foot of the instrument he entered the following notation:

"The preceding document is hereby recorded, after examining other documents, only as to the undivided three-fourths of the lot which is the portion already recorded in favor of the vendors, and only as to the area which appears from the registry, that is, twenty-one and one-half yards (*varas*) in front by eleven yards in depth; and record is denied as to the excess in area, since the same does not appear recorded in favor of the vendors or of any other person; and a cautionary notice of 120 days has been entered instead in

favor of the purchaser Teódulo Llamas Muñiz, on the back of page 178, vol. 232, Caguas, property 867, 12th inscription.   Caguas, December 3, 1947.''

In seeking a reversal of the registrar's decision, the appellant urges that when the registrar indicated to appellant's attorney that the plat presented failed to show any service of notice on the adjoining landowners, the attorney withdrew the documents and again presented them together with a certificate of the engineer in which the notification to the adjoining landowners was set forth.   He further contends that the registrar, in rendering his decision, failed to take into consideration that by deed No. 302 of June 21, 1946, recorded in the registry of property at page 195, vol. 17 of Caguas, property No. 867, 11th inscription, the petitioner and his wife acquired by purchase from Carolina González Cofiño, a ''one-story wooden house, roofed with clay tiles, measuring 21 yards (*varas*) in front by 16 yards in depth, situated in San Sebastián Street, now Corchado Street, at Caguas, Puerto Rico, on a lot with an area of 22½ yards in front by 27 yards in depth, bounded on the south by Dolores and José Más Gelpí, now Isabel Pérez and Luis Esteves Solá; on the north by the Ruiz sisters, now Rafael López Cabezudo, and the Polo sisters; on the east by the above-mentioned Corchado Street, which it fronts; and on the west by a lot of Salvador Más, now Florentina Jiménez, widow of Jiménez Cruz.''   Said deed No. 302, as alleged by the appellant, was recorded as to the house and lot in favor of the purchasing spouses without any defect or objection.

The appellant contends ''(1) that since the house and lot were recorded in his favor, without any defect, such recording produces all its legal effects with respect to the lot reduced to 410.08 square meters, in accordance with the decision of this Court in *González* v. *Registrar*, 66 P.R.R. 792; and (2) that the excess of 76.84 square meters, or the difference between the area which appears from the registry and that

shown by the survey plat, is recordable, pursuant to the decision in *Land Authority* v. *Registrar,* 62 P.R.R. 483.

The respondent registrar has included in his brief a statement of the entries in the registry, relative to the property in question. The first entry shows that Salvador Más sought to establish the possession which he had of said property because he had constructed it over 30 years previously, during the life of his wife, and because it had been awarded to him in payment of his share of conjugal property, without holding any recordable title. The house is described as measuring 21 yards in front by 11 yards in depth. In the 6th entry it was stated that, according to the document presented, the house measured 21½ yards in front by 16 yards in depth, "on a lot 22½ yards in front by 27 yards in depth." In accordance with this entry Doña Encarnación Cofiño de González acquired the house from its former owner José Más y Gelpí. The house was recorded only as to 21½ yards in front by 11 yards in depth "no operation whatsoever being made with respect to the difference in area appearing from the title in the registry, because it was so requested by the vendor don José Más y Gelpí in a notice dated February 22, 1910." The 7th entry was made pursuant to the decision of this Court in administrative appeal No. 1192, *González* v. *Registrar, supra.*

Let us make a summary of the decision in the above-cited case. The appellant therein requested the registrar, in accordance with the will of her deceased husband, to record in favor of the widow and her daughters a "one-story house . . . measuring 21 yards in front by 16 yards in depth . . . .on a lot measuring 22½ yards in front by 27 yards in depth, bounded, etc." The registrar made the recording (7th entry) "as to a one-story wooden house . . . measuring 21 yards in front by 11 yards in depth . . . with the curable defect of a failure to establish the name of the owner of the lot in which said house is located." The registrar maintained that none of the former entries disclosed who was the owner of the lot

and that said lot had never been recorded. According to the certificate presented by the registrar, in the first five entries it had been stated that the *possession of the property* had been recorded, said property being described as a "one-story house built of native wood and roofed with clay tiles, measuring 21 yards in front by 11 yards in depth." It was in the 6th inscription that there appeared for the first time a different description when it was stated in the document presented that the house measured "21½ yards in front by 16 yards in depth on a lot measuring 22½ yards in front by 27 yards in depth." The record was made only as to the dimensions which already appeared in the registry, that is, 21½ yards in front and 11 yards in depth. No operation whatsoever was made with respect to the difference because it was so requested by the vendor.

We held that, although it was true that in the first entry no reference was made to the lot in which the house was located, in accordance with the decisions in *Chevremont* v. *Registrar of Property*, 9 P.R.R. 186 and *Rivera* v. *Registrar of Caguas*, 26 P.R.R. 679, the record should have been made without the curable defect set forth in decision of the registrar. In the cases cited it was held that "when a building is recorded, the lot must be considered as recorded in favor of the same owner, when the latter's is not a mere right to the use of the surface of the land, on the legal presumption that he who is the owner of the building is also the owner of the soil . . . provided that the legal presumption . . . is not destroyed by sufficient proof to the contrary"; and that "The idea of a house or building generally includes the lot on which it is built and without the previous existence of the lot there can be no conception of the house or building." And in *Sánchez* v. *Rodríguez*, 57 P.R.R. 71, we held, quoting from the syllabus, that "A conveyance of a house carries with it the title to the land on which it stands, in the absence of some term or clause restrictive of that meaning."

After the elimination of the defect noted by the registrar "of a failure to establish who is the owner of the lot in which said house is located," the 7th inscription, page 196 of vol. 17 of Caguas, subsisted only "as to a one-story wooden house, roofed with clay tiles, measuring 21 yards in front by 11 yards in depth." It is true that Miss González Cofiño requested that the house be recorded with the new dimensions given by her in her petition, that is, "21 yards in front by 16 yards in depth" and located in a "lot measuring 22½ yards in front by 27 yards in depth." However, the registrar recorded the house with the dimensions set forth in the former entries and made no mention of the dimensions of the lot, as the registry did not contain any statement regarding them. Miss González Cofiño could have appealed from the refusal of the registrar, but she did not do so, confining her appeal to what we have already stated. It appears, therefore, that according to the registry and the decision in *González* v. *Registrar, supra,* Miss González Cofiño was, on June 21, 1946, the date on which the deed of sale was executed in favor of the appellant, the owner of three-fourths of a house measuring 21½ yards in front by 11 yards in depth and of the lot of like dimensions in which the house is located.

From the foregoing, it will be seen that the lot acquired by the appellant by purchase from Miss González Cofiño has an area of 236.50 square yards. The difference between said area appearing from the registry and that of 486.92 square meters resulting from the plat presented by the appellant, exceeds 250 square meters, which is a larger area than the one recorded in the registry in favor of the vendor Miss González Cofiño and of the appellant.

The registrar maintains that, in order that the excess between the original area and that appearing from the survey may be recorded, such an excess must be established in accordance with the provisions of § 390 of the Mortgage Law. The registrar is correct. We are not dealing here with the record of an excess of slight importance in relation to the

area already recorded in the registry. The difference in area which is sought to be corrected and recorded is greater than the area already recorded in the registry. This Court has repeatedly held [1] that when the difference in area between that stated in the title and that which appears from the registry does not reach 20 per cent of the recorded area, said difference may be recorded without the need of resorting to a dominion-title or possessory-title proceeding, it being sufficient to make a survey, after giving notice to the adjoining landowners, and to establish the survey as well as the notification, by attaching to the title a certificate of the surveyor to that effect.

The decision appealed from should be affirmed.

---

[1] *Muriente* v. *Registrar,* 47 P.R.R. 232; *Pellón* v. *Registrar,,* 53 P.R.R. 501; *Encarnación Aboy* v. *Registrar,* 52 P.R.R. 143; *Estrada* v. *Registrar,* 65 P.R.R. 909; *Land Authority* v. *Registrar,* 65 P.R.R. 481; *Land Authority* v. *Registrar,* 62 P.R.R. 483; and *Pérez* v. *Registrar,* 67 P.R.R. 907.